NO. 07-06-0116-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JUNE 6, 2006



______________________________




JERRY LEON RAY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,699-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Pending before this Court is appellant Jerry Leon Ray's motion to dismiss his
appeal. Pursuant to Rule 42.2(a) of the Texas Rules of Appellate Procedure, the motion
is signed by appellant. No decision of this Court having been delivered to date, we grant
the motion. No motion for rehearing will be entertained and our mandate will issue
forthwith.

 Accordingly, the appeal is dismissed.

 Don H. Reavis

 Justice



Do not publish.



ty>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00210-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
28, 2011

 



 

ANAIS ESPINOSA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 64TH DISTRICT COURT OF
HALE COUNTY;

 

NO. A14705-0211; HONORABLE ROBERT W. KINKAID JR., JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Anais
Espinosa attempts to appeal her conviction for forgery financial instrument[1]
and sentence of eighteen months confinement in a state jail.  On the States motion, the trial court
revoked appellants deferred adjudication community supervision and adjudicated
her guilty of the charged offense. 
Sentence was imposed on March 1, 2011. 
On May 16, 2011, appellant filed a pro
se notice of appeal.  We do not have
a clerks record, but according to the information form filed in this court by
the clerk of the trial court appellant did not file a motion for new trial. 

            By
letter, we notified appellant her notice of appeal appeared untimely thus depriving
us of appellate jurisdiction.  We
afforded her an opportunity to file documents or matters she considered
necessary for determination of our jurisdiction.  On June 6, we were notified by the clerk of
the trial court that appellate counsel for appellant was appointed on June
2.  We accordingly extended the deadline
for appellants response until June 23. 
Appellate counsel has filed a response, indicating his investigation has
not located information that would show appellant filed a timely notice of
appeal.  

Our appellate jurisdiction is
triggered through a timely notice of appeal. 
Slaton v. State,
981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). 
Rule of Appellate Procedure 26.2(a) requires a notice of appeal be filed
within 30 days after the day sentence is imposed in open court or within 90
days after imposition of the sentence if a timely motion for new trial is
filed.  Tex. R. App. P. 26.2(a)(1),(2).  A motion
for new trial is timely if filed before, but no later than 30 days after, the
date when the trial court imposes or suspends sentence in open court.  Tex. R. App. P. 21.4(a).

Because appellant did not file a
motion for new trial, her notice of appeal was due within thirty days after the
date sentence was imposed in open court. 
However, appellants notice of appeal was filed seventy-six days after
imposition of sentence and was therefore untimely.  Our appellate jurisdiction has not been
invoked.

 

 

Consequently, we dismiss the appeal
for want of jurisdiction. 

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

Do not
publish.

 











[1]  See Tex. Penal Code Ann. § 32.21(b)
(West 2011).